DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PURONICS, INC., ET AL.,** | CASE NO. 5:12-cv-01053 |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **CLEAN RESOURCES, INC., ET AL.** | |
| Defendants. | |

This matter is presently before the Court on Defendants Bestech, Inc. ("Bestech") and President of Bestech, Gary Barr's ("Barr") motion for Rule 12(b)(2) dismissal for lack of personal jurisdiction. Plaintiffs, Puronics Inc., Puronics Water Systems, Inc., and Puronics Services, Inc. (collectively "Plaintiffs" or "Puronics"), and Defendants Bestech and Barr are competitors in the household water treatment industry. Puronics filed a complaint on April 27, 2012, alleging, *inter alia*, that Bestech and Barr conspired with Ohio-based retailers, defendants Clean Resources, Inc. and Clean Resources Services, Inc. (collectively "Clean Resources"),[1] to mislead Ohio residents about the nature of Bestech's water treatment products relative to Puronics' water treatment products. Plaintiffs' Complaint seeks relief for alleged trademark infringement, unfair competition, false advertising, deceptive trade practices, trade disparagement, defamation, and civil conspiracy in violation of the Lanham Act and Ohio law.

---

[1] According to Puronics, despite being incorporated at different times under different names, Clean Resources, Inc. and Clean Resources Services, LLC function interchangeably. The Clean Resources defendants were formed by former Puronics employees, defendants James Baston ("Baston") and David McKinley ("McKinley").

The Clean Resources defendants and defendants Baston and McKinley have been dismissed from the case. ECF 42. Defendants Bestech and Barr are the only remaining defendants, and they have moved for dismissal from the lawsuit for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. ECF 20. Puronics opposed Bestech's and Barr's motion for Rule 12(b)(2) dismissal (ECF 26), and the moving defendants have replied (ECF 31).

For the following reasons, Bestech's and Barr's Rule 12 (b)(2) motion to dismiss (ECF 20) is DENIED.

### I.  Factual Background

**A.  *Plaintiffs and the Complaint***

According to Puronics' Complaint, Puronics and Bestech are competing national corporations that manufacture and service water treatment products. A California-based manufacturer and servicer of bacteriostatic water conditioning systems, Puronics is a derivative corporation of Ionics Consumer Water Products Group, formed in 1947. Throughout its history, Puronics has sold and marketed products under the marks "Ionics" and "General Ionics" as well as "Puronics."

Puronics manufactures and services a line of whole-house bacteriostatic water conditioning systems that use a proprietary replacement filter media, "HYgene®." Puronics holds the registered trademark for the HYgene® filter. The filter and the water conditioning systems are EPA-registered. According to Puronics, the EPA registration mandates product labeling and verbiage in its manuals and warranties stipulating that only EPA registered HYgene® products may be used in Puronics' bacteriostatic water conditioning systems.

One of the Plaintiffs, Puronics Service, Inc. ("Puronics Service") sells and services Puronics' products in California, Pennsylvania and Ohio.  Puronics Service maintains a license to operate a business in Ohio, does business in Ohio under the name General Ionics, and operates a sales and service center in Stow, Ohio, among other Ohio locations.  According to the affidavit of Scott Batiste, President and CEO of Puronics, General Ionics services and maintains Puronics' water systems for "tens of thousands" of Ohio residents.

Puronics also distributes its products through authorized retail sales agreements with a nationwide network of distributors.  Prior to July 29, 2009, that network included Clean Resources, an Ohio-based retail sales dealer of water conditioning systems formed by two former General Ionics employees, dismissed defendants Baston and McKinley.

Following the termination of the authorized retail sales agreement between Puronics and Clean Resources, Puronics alleges that Clean Resources sought to maintain its Puronics customer base by selling whole-house water conditioning systems manufactured by a Puronics competitor.  According to Puronics' complaint, despite written admonitions to stop, Clean Resources continued to represent itself as "General Ionics" and maintained Puronics' marks "General Ionics" and "Ionics" on its website, in the business white pages, and on the website www.yellowpages.com.  Puronics alleges that this unlawful use of its marks has misled Ohio customers as to whether Clean Resources is an authorized distributor and servicer of Puronics products.

Puronics further contends that when marketing Bestech's products to Puronics' customers, Clean Resources, Bestech, and Barr misled those customers by telling them that Bestech's replacement filter media is identical to the Puronics' HYgene® media, that Bestech's replacement

filter media is EPA-registered for use in Puronics' bacteriostatic water conditioning systems, that the use of Bestech media in a Puronics system does not void the warranty, and that it is not unlawful to replace Puronics' filter media with Bestech's filter media.

In the course of soliciting business and servicing Puronics units in Ohio, Plaintiffs allege that Clean Resources and Defendants Bestech and Barr joined together for the purposes of engaging in unfair competition, false advertising, commercial disparagement, and tortious interference with business relationships all with the intent of damaging Puronics' business in the Northern District of Ohio.  In support, Puronics attaches to its Complaint an e-mail from Barr to a customer in Crawford County, Ohio, which is discussed in greater detail below.  In this e-mail, Barr advised a Puronics customer that the Bestech and Puronics media filter replacement products are "the same."  Puronics alleges that this statement was intentionally made to mislead the Ohio customer, and that Bestech and Barr failed to advise Ohio customers that Bestech's filter media had a higher density and would interfere with the proper operation of Puronics' bacteriostatic water conditioning systems, would void the systems' warranties, and was in violation of the EPA labeling on Puronics' water conditioning systems.

**B.**     ***Defendants Bestech and Barr***

Defendant Bestech is a Florida corporation engaged in the business of manufacturing bacteriostatic water treatment systems, and Bestech advertises its products in a national trade journal.  Bestech's principal place of business is located in Pompano Beach, FL.  Affidavit of Gary Barr, ECF 20-1.  Defendant Barr is the president of Bestech.  Neither Bestech nor Barr have a physical location in Ohio.

Clean Resources used Bestech's replacement filter media to service the Puronics water treatment systems in Ohio.   Over the last six years, Bestech received and filled five orders from Clean Resources in Ohio for its products, totaling $6,922.00.   Affidavit of Gary Barr, ECF 20-1.

As previously referenced, a series of e-mails between Clean Resources, Barr, Puronics, and Ralph Fox, a Clean Resources customer in Crawford County, Ohio, is attached to Plaintiffs' complaint as direct evidence of Plaintiffs' allegations against Bestech and Barr.   Mr. Fox owned a Puronics water system and had questions of Clean Resources about the comparability of the Puronics and Bestech filter media.   ECF 1-12.   Clean Resources referred Mr. Fox to Defendant Barr for an answer.   In an e-mail to Mr. Fox, Defendant Barr compared the Puronics and Bestech products and stated: "Looks the same to me."   ECF 1-13.   According to the e-mails attached to Plaintiffs' Complaint, Mr. Fox terminated his business with Puronics' Columbus, Ohio office in favor of Clean Resources' and Bestech's service and products.   ECF 1-13 ("I realize that [Clean Resources] filter media may not carry the same name as yours, but if the ingredients are the same and they are both US EPA registered, I do not see any problem with Clean Resources assuming the warranty for my [Puronics] unit. ... Please instruct your Columbus office to stop sending me service notices.").

## II. *Barr and Bestech's Motion to Dismiss*

Defendants Bestech and Barr bring the instant motion to dismiss for lack of personal jurisdiction on three grounds: 1) that Bestech and Barr are not residents of the State of Ohio, 2) that Plaintiffs' Complaint fails to allege facts to support a finding of jurisdiction under the Ohio Long-Arm Statute, and 3) that the exercise of personal jurisdiction over Bestech and Barr would be

inconsistent with traditional notions of fair play and substantial justice under the Due Process Clause.

There is no dispute that Defendants Bestech and Barr do not have a physical presence in Ohio. Defendants argue that their contacts with Ohio are not sufficient to support personal jurisdiction, their total volume of sales to Ohio customers is minimal, and that Bestech's national advertising does not subject them to jurisdiction in Ohio because the advertisements are not directed to the State of Ohio and its citizens. Further, Defendants contend that even if Bestech's sales in Ohio constitute minimum contacts with Ohio, those contacts do not support personal jurisdiction because Puronics' claims do not arise from those contacts. With respect to Barr, Defendants argue that any contact he had with Ohio was as President of Bestech and that he is not subject to personal jurisdiction in his individual capacity solely based on those actions.

### III. Law and Analysis

**A.** *Federal Rule 12(b)(2)*

**1. Standard**

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to be dismissed from a case for lack of personal jurisdiction. The Plaintiffs bear the burden of proof that the Court has personal jurisdiction over Defendants Bestech and Barr. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.,* 503 F.3d 544, 549 (6th Cir. 2007). Both sides have submitted affidavits in support of their respective positions and fully briefed the issue.

The facts in this case relevant to the Court's Rule 12(b)(2) analysis are not in dispute, although the parties disagree about the legal effect of those facts.[2]  Accordingly, the Court concludes that the parties' submissions are sufficient to rule on the motion and that an evidentiary hearing is not required.

When the Court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, the burden is "relatively slight" and the Plaintiffs must make only a *prima facie* showing that personal jurisdiction exists in order to defeat Defendants' motion.  *Theunissen v. Matthews d/b/a Matthews Lumber Transfer,* 935 F.2d 1454, 1458 (6th Cir. 1991); *American Greetings v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988).  The pleadings and affidavits must be viewed in a light most favorable to Plaintiffs, and the Court does not weigh "the controverting assertions of the party seeking dismissal."  *Air Product.*, 503 F.3d at 549 (6th Cir. 2008)(quoting *Theunissen*, 935 F.2d at 1459).  Dismissal is proper if Plaintiffs' factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction.  *Compuserve, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996).

### 2. Applicable Law

Plaintiffs allege that subject matter jurisdiction in this case is based upon both diversity and federal question jurisdiction.  ECF 1, par. 11 and 12.  Where the Court's subject matter jurisdiction is based on the existence of a federal question, personal jurisdiction over a non-resident defendant exists if the defendant is amenable to service under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due

---

[2]  The parties' dispute as to the actual merits of Plaintiffs' allegations is not relevant to the Court's ruling on personal jurisdiction.

process.  *Industrial Trade & Technology v. Stone Mart Corp.*, 2011 WL 6256937 at *2 (S.D. Ohio)(quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).  Where the Court's jurisdiction is based on diversity of citizenship, personal jurisdiction over a defendant can only be exercised if personal jurisdiction is authorized by the law of the forum state and is in accordance with the Due Process Clause of the Fourteenth Amendment.  *Industrial Trade & Technology v. Stone Mart Corp.*, 2011 WL 6256937 at *2 (S.D. Ohio) (quoting *Tharo Sys. Inc. v. Cab Produkttechnik GMBH & Co. KG*, 196 Fed. Appx. 366, 369 (6th Cir. 2006) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.* 282 F.3d 883, 888 (6th Cir. 2002))).  In this case, the forum state is Ohio.

Therefore, the Court's analysis is a two-step process.  First, the Court must determine whether Ohio's long-arm statute authorizes the exercise of specific jurisdiction over Bestech and Barr.[3]  Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if his conduct falls within the bases for jurisdiction enumerated by the statute only for causes of action arising from those enumerated acts.  However, Ohio's long-arm statute does not reach the limits of the federal Due Process clause, and the analysis of Ohio's long-arm statute is entirely separate from the analysis of the federal Due Process component of personal jurisdiction.  *Conn v Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012).

---

[3] The courts may generally exercise personal jurisdiction over a defendant based on general or specific jurisdiction.  Defendants contend that Ohio does not recognize general jurisdiction over non-resident defendants.  ECF 20 (citing *Signom v. Schenck Fuels, Inc.*, 2007 WL 1726492 (S.D. Ohio 2007)).  There has been some debate in the past among federal courts in Ohio as to whether Ohio's long-arm statute precludes general jurisdiction. *See Industrial Trade & Technology v. Stone Mart Corp.,* 2011 WL 6256937 at *2, n. 1 (S.D. Ohio); *Avery Dennison Corp. v. Alien Technology Corp.,* 632 F.Supp. 2d 700, 706 (N.D.Ohio 2008).  However, a recent Sixth Circuit decision held that "it is clear that under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute."  *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012).  Accordingly, the Court will apply specific jurisdiction analysis to Defendants' Rule 12(b)(2) motion.

If the Court determines that the requisites of Ohio's long-arm statute are met, the Court must next undertake a federal Due Process analysis and determine if the Defendants have sufficient minimum contacts with Ohio so that finding personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn v Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). The federal Due Process inquiry includes both specific jurisdiction where the suit arises from defendant's contacts with Ohio, and general jurisdiction where the suit does not arise from defendant's contacts with Ohio. Three elements must be met in order to find specific jurisdiction. First, the defendant must purposefully avail himself of the privilege of acting in Ohio or causing a consequence in Ohio. Second, the cause of action must arise from the defendant's activities in Ohio. Lastly, the acts of defendant or consequences caused by defendant must be a substantial enough connection with Ohio to make the exercise of jurisdiction reasonable. *Conn v Zakharov*, 667 F.3d 705, 712-13 (6th Cir. 2012) (citing *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002)).

B.  *Ohio's Long-Arm Statute*

Ohio's long-arm statute gives Ohio courts jurisdiction over any corporation or person:

> (1) Transacting any business in this state;
> * * * *
> (3) Causing tortious injury in this state by an act or omission in this state;
> * * * *
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that person would be injured thereby in this state.
> * * * *

OHIO REV. CODE ANN. § 2307.382(A) (West 2012).

### 1. Bestech and Barr have transacted business in the state of Ohio sufficient to meet the threshold of Section 2307.382(A)(1).

Jurisdiction is proper under Section 2307.382(A)(1) where defendants have transacted "any business" in Ohio, even if the defendant has never visited the state. *MedChoice Fin., LLC v. ADS Alliance Data Sys., Inc.*, 2012 WL 995309 at *6 (S.D. Ohio Mar. 22, 2012); *see Kentucky Oaks Mall Co., v. Mitchell's Formal Wear, Inc.,* 53 Ohio St. 3d 73, 75, 559 N.E.2d 477 (1990). The Ohio Supreme Court interprets this section very broadly, permitting jurisdiction "over nonresident defendants who are *transacting any* business in Ohio"; defined as prosecuting negotiations, carrying on business, and having dealings. *Kentucky Oaks Mall Co.,* 53 Ohio St.3d at *75. "Transact" is construed "as a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion." *Id.* (internal citation omitted).

Defendant Barr has expressly admitted to receiving and filling multiple purchase orders from Ohio-based entities totaling almost $7,000. Further, Defendants Bestech and Barr admit that Clean Resources, an Ohio-based company, has been a Bestech customer in the past. While Barr attempts to downplay the number and amount of sales of Bestech's products to Ohio customers, Section 2307.382(A)(1) applies to "any" transactions in contrast with Section 2307.382(A)(4), which requires "regular" transactions. As the non-moving party, the facts are construed in Puronics' favor, and those transactions are sufficient under Ohio law to satisfy the "any business" requirement of Section 2307.382(A)(1).

–10–

### 2. Puronics demonstrates sufficient facts to satisfy the requirements of Sections 2307.382(A)(3) and 2307.382(A)(6) with respect to both Barr and Bestech.

In its Complaint, Puronics alleges that Bestech and Barr engaged in a number of acts from outside the State of Ohio that gave rise to claims of tortious injury in the Northern District of Ohio. Puronics alleges that both Bestech and Barr intentionally misled Ohio Puronics' customers regarding the comparability of Bestech's and Puronics' products, and offers a specific example of that alleged conduct in the form of Barr's e-mail to Ohio customer Mr. Fox.  Mr. Fox's e-mail to Puronics' Columbus office reflects that as a result of Barr's communications to him regarding Bestech's products, and Fox's communications with former defendant Clean Resources, Mr. Fox terminated his business relationship with Puronics in favor of Clean Resources and Bestech services and products.  These e-mails are not mere allegations but serve as specific evidence offered by Puronics in support of its claims that Barr intentionally misled Ohio customers about the comparative quality of Bestech's products with the foreseeable consequence that the Ohio consumer would purchase Bestech's product over Puronics' product.  It is these very acts by Barr and Bestech, along with Clean Resources, from which Plaintiffs' allegations of unfair competition, deceptive and unfair trade practices, defamation, and tortious interference with business relations in Ohio arise.

### C. *Due Process*

Having determined that Plaintiffs have established a prima facie case that the requirements of Ohio's long-arm statute have been met by Barr's and Bestech's contacts in Ohio, the next step in the personal jurisdiction analysis is whether the exercise of personal jurisdiction over Barr and Bestech would offend traditional notions of fair play and justice.  The three part test in the federal

Due Process analysis for a finding of specific jurisdiction requires a determination that: 1) the Defendants purposefully availed themselves of acting in Ohio or causing consequences in Ohio; 2) Plaintiffs' cause of action arises from those acts; and 3) the consequences caused by those acts must have a substantial enough connection with Ohio to make the exercise of jurisdiction over the Defendants reasonable.  *Conn v Zakharov*, 667 F.3d 705, 712-13 (6th Cir. 2012).

The purposeful availment requirement prevents a defendant from being haled into court due to "random, fortuitous, or attenuated contacts."  *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985) (internal citations omitted).  A defendant purposefully avails himself or herself of personal jurisdiction in Ohio when his or her conduct creates a "substantial connection" with Ohio such that he or she should reasonably anticipate being haled into court there.  *Compuserve, Inc.,* 89 F.3d at 1263.

In this case, Bestech has transacted business in Ohio by purposefully selling its products to Ohio customers over a number of years with sales of almost $7,000.  Plaintiffs allege that as president of Bestech, Barr intentionally misled Ohio consumers as to the comparative qualities of Bestech's products with Puronic's products.  Plaintiffs have offered specific evidence of this intentional conduct by offering an e-mail sent from Barr to an Ohio consumer, and the Ohio consumer's subsequent termination of his relationship with Puronics' Columbus office in favor of Bestech's and Clean Resources' products and services.  This evidence, when viewed in a light most favorable to Plaintiffs, supports Plaintiffs' allegations that Barr and Bestech engaged in the unlawful conduct claimed in the Complaint, and further, that the alleged conduct injured Puronics' business in Ohio.

Barr's communications to Fox regarding Bestech and Puronics products establishes a *prima facia* case that Barr purposefully contacted an Ohio consumer with the intention of advancing the sales of Bestech products over Puronics products in Ohio.  Assuming facts in a light most favorable to Plaintiffs, the sale of Bestech products in Ohio over Puronics products, and the warranty and other obligations associated with those sales, creates a substantial and continuing connection with Ohio such that Barr and Bestech should reasonably anticipate being haled into court.

Barr contends that he cannot be subject to personal jurisdiction for acts he carried out as Bestech's president.  However, this is not the law in the Sixth Circuit.  While personal jurisdiction over officers of a corporation cannot simply be predicated upon jurisdiction over the corporation, the fact that Barr's contacts with Ohio were undertaken in his official rather than personal capacity does not preclude exercise of jurisdiction over him.  When the corporate officer is actively and personally involved in the conduct giving rise to the claim, as is alleged here, the exercise of personal jurisdiction over him depends on traditional notions of fair play and substantial justice.  *Balanced Dynamics Corp. v. Schmitt Industries*, 204 F.3d 683, 698 (6th Cir. 2000).

Accordingly, the Court finds that exercising personal jurisdiction over Barr and Bestech does not violate traditional notions of fair play and justice and satisfies the federal Due Process components of the Court's personal jurisdiction analysis.

### III. *Conclusion*

For the foregoing reasons, the Court finds that Plaintiffs have met their burden of establishing a *prima facie* case that Defendant Bestech and Defendant Barr are each subject to Ohio's long-arm statute and that subjecting Bestech and Barr to the personal jurisdiction of this Court does not violate federal Due Process concerns. Accordingly, Defendant Bestech's and Defendant Barr's motion to dismiss for lack of personal jurisdiction (ECF 20) is DENIED.

Defendant Bestech and Defendant Barr shall respond to Plaintiffs' complaint by January 29, 2013. Pursuant to the Court's case management order, Defendants may move for transfer of venue by February 28, 2013. If Defendants move for a transfer of venue, Plaintiffs must file their response by March 14, 2013 and any reply must be filed by March 22, 2013.

Discovery is open and shall be concluded by May 31, 2013. Dispositive motions should be filed by June 14, 2013. Responses to dispostive motions must be filed by June 21, 2013, and any replies by June 28, 2013.

IT IS SO ORDERED.

| | |
|---|---|
| <u>January 14, 2013</u> | <u>s/ David D. Dowd, Jr.</u> |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

–14–